PENTZ vs. HAWLEY and others.

It is the duty of the receiver of an insolvent corporation, to call upon the stockholders to pay the balances due upon the shares of stock held by them respectively, where he has reason to believe the whole amount due from those who are solvent will be wanted for the payment of the creditors of the corporation, and the expenses of executing the trust.

And the mere fact that the whole amount due from any particular stockholder, for his stock, may not ultimately be wanted for that purpose if all the other solvent stockholders should pay their rateable proportions, according to the amount of their stock, will not authorize the particular stockholder to enjoin the receiver from proceeding to enforce the payment of the balance due from such stockholder, in the first instance.

If any balance remains, in the hands of the receiver of an insolvent corporation, after satisfying the debts of the corporation, and the necessary expenses of executing the trust, it must be distributed among the several stockholders who have paid in full for their stock.

THIS case came before the chancellor upon an order for the receiver of the property and effects of the Canajoharie and Catskill Rail-Road Company, to show cause why an injunction, or an order in the nature of an injunction, should not be granted ; to restrain him from proceeding upon a decree in his favor, against the present complainant, for the payment of the balance due upon the shares held by the latter in the capital stock of the corporation at the time of the appointment of such receiver. The object of the present suit was to compel all the stockholders to contribute rateably towards the payment of the debts of the corporation; and to restrain the receiver from proceeding upon his decree, against Pentz, until all the debts of the corporation could be ascertained, and the amount which each stock-

holder was bound to contribute could be settled, by a decree in this suit.

*S. Sherwood,* for the complainant.

*M. T. Reynolds,* for the receiver.

THE CHANCELLOR. There is nothing in the complainant's bill in this case entitling him to an injunction, or to an order to stay the receiver from collecting the amount which the assistant vice chancellor has decreed to be paid. Upon this application the court must presume that the decree against the complainant was right, and that the receiver was entitled to recover against him the whole of the balance due upon his stock in the corporation. For if there was any good reason why the present complainant ought not, in equity, to be required to pay to the receiver the balance due upon his stock, it was a proper ground of defence to the suit before the assistant vice chancellor. And if an equitable defence existed, and the facts constituting such defence were properly before the court in that suit, the remedy of Pentz is by appeal from the decree of the assistant vice chancellor, and not by an injunction bill to stay the proceedings upon that decree. The mere fact, however, that the whole amount of the balance due upon the complainant's stock may not ultimately be wanted, to pay the debts of the corporation, if all the other solvent stockholders should pay their rateable proportions of what still remains due upon their stock, does not necessarily render it inequitable that the receiver should compel the several stockholders to pay the balances due from them respectively, in the first instance. For if any balance should remain in the hands of the receiver, after satisfying the debts of the corporation and the necessary expenses of executing the trust, it will be distributed among the several stockholders who shall have paid in full for their stock; so as to produce perfect equality among them. And it might be great injustice to the creditors, of an insolvent corporation, to compel them to wait for the whole amount of their respective debts, until it could be

ascertained, by a protracted litigation with all of the stockholders, how much each of such stockholders was liable and able to pay. The legislature appears to have contemplated a different proceeding in the case of the voluntary dissolution of a corporation. For by the 69th section of the article of the revised statutes on that subject, (2 *R. S.* 469,) it is made the duty of the receiver to collect from the stockholders the sums remaining due upon their several shares of stock; and after paying the debts of the corporation, and the expenses of executing the trust, to distribute the residue of the fund among the stockholders who may be entitled to the same. I presume, however, that it would not be necessary, even in that case, where all the stockholders had paid equally upon their stock, and the funds of the corporation in the hands of the receiver were sufficient to pay all debts and expenses, to compel the stockholders to pay up in full; for the mere purpose of re-distributing the money among them, in the same proportions. But it is unquestionably the duty of the receiver to call upon the stockholders to pay up in full, where he has reason to believe the whole amount due, from those who are able to pay, will be wanted for the payment of the creditors of the corporation, and for the expenses of executing the trust. In the case under consideration the affidavit of the receiver renders it highly probable that the whole amount, which can be collected from solvent stockholders, will be wanted to pay the debts of the corporation, and the necessary expenses. And if the assistant vice chancellor is right in supposing that the 42d section of the article of the revised statutes relative to proceedings against corporations in equity is applicable to a receiver appointed under the 36th section of that article, it was not only the right but the duty of the receiver, in the present case, to proceed at once to collect, from all of the solvent stockholders, the balances remaining due upon their respective shares. Upon that question I do not intend to express any opinion at this time.

But as the complainant is not entitled to a stay of the proceedings upon the decree, either by an injunction, or by an order in this suit, the order to show cause must be discharged, with costs to be paid by the complainant.